# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  **v.**                                               **Case No. 06-CR-156**

**CARLOS ANCIRA-ZARAGOZA**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Carlos Ancira-Zaragoza pleaded guilty to possessing a firearm as an illegal alien, contrary to 18 U.S.C. § 922(g)(5)(A). The probation office prepared a pre-sentence report, setting defendant's offense level at 12 (base level 14, U.S.S.G. § 2K2.1(a)(6), minus 2 for acceptance of responsibility, § 3E1.1) and his criminal history category at III, producing an imprisonment range of 15-21 months under the advisory sentencing guidelines. At sentencing, defendant recommended a sentence of probation with a condition of home confinement or, in the alternative, 7 months imprisonment. The government advocated a term within the guideline range. Upon consideration of the arguments of counsel and the entire record, I imposed a sentence of 12 months and 1 day, and in this memorandum, I set forth the reasons.

## I. SENTENCING STANDARD

In light of United States v. Booker, 543 U.S. 220 (2005), the court must in imposing sentence consider all of the factors set forth in 18 U.S.C. § 3553(a):

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the now-advisory sentencing guidelines range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

While the guidelines remain an important sentencing consideration, they do not enjoy a first-among-equals status in § 3553(a). As the Seventh Circuit has explained:

> [The] judge is not required – or indeed permitted – to "presume" that a sentence within the guidelines range is the correct sentence and if he wants to depart give a reason why it's not correct. All he has to do is consider the guidelines and make sure that the sentence he gives is within the statutory range and consistent with the sentencing factors listed in 18 U.S.C. § 3553(a). His choice of sentence, whether inside or outside the guideline range, is discretionary and subject therefore to only light appellate review. The applicable guideline nudges him toward the sentencing range, but his freedom to impose a reasonable sentence outside the range is unfettered.

United States v. Demaree, 459 F.3d 791, 794-95 (7th Cir. 2006) (internal citations omitted). Rather, the court must, after considering all of the statutory factors, including the advisory guidelines, impose a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing set forth in sub-section (a)(2) – just punishment,

2

deterrence, protection of the public and rehabilitation of the defendant.

## II. DISCUSSION

### A. Nature of Offense

Police conducted a traffic stop of the vehicle in which defendant was riding and found a 9 mm handgun under his seat. In post-arrest statements, defendant and another occupant of the car, Leonardo Serrano-Covarrubius (a co-defendant in this case), disputed whose gun it was, but defendant admitted holding it. The record contained no indication that defendant intended to cause any harm with the gun, and he had no previous record of gun violence. Thus, I did not consider the offense aggravated.

### B. Character of Defendant

Defendant was twenty-seven years old and had a prior criminal record, although nothing terribly serious: disorderly conduct, possession of marijuana, drunk driving and carrying a concealed weapon offenses. This was his first felony.

Defendant illegally entered the United States with his parents in 1993. However, in 2001, after marrying an American citizen, defendant and his wife tried to obtain lawful status for him. Her "Petition for an Alien Relative" was approved in 2004. However, defendant failed to complete the next step in the process – the filing of an "Application to Register for Permanent Residence Status" – prior to his commission of the instant offense the following year. Therefore, he remained in illegal status and was destined to be deported after he completed his sentence.

Defendant divorced his wife in 2006, and they had a seven year old son together. He also had a seven month old son with his current girlfriend, who made positive

3

comments about him. Several family members, including defendant's children, appeared in support at his sentencing.

Defendant dropped out of high school but later got his HSED in the United States. He also had a solid employment history in this country, working for Neon Magic as a laborer from 2002 to 2006 and in a foundry before that. Despite some experimentation, he seemed to have no substance abuse problems.

**C. Purposes of Sentencing**

I saw no clear need to protect the public given defendant's modest record, the circumstances of this offense and the impending deportation. However, there was a need for some confinement to promote respect for the law and deterrence. Defendant did not appear to have any correctional treatment needs, and he owed no restitution.

**D. Guidelines**

The guidelines called for a term of 15-21 months. Under all of the circumstances, I found a sentence within that range somewhat greater than necessary to satisfy the purposes of sentencing. First, defendant was not a felon, as are most offenders sentenced under U.S.S.G. § 2K2.1(a)(6), and he had taken steps towards acquiring lawful status at the time this offense occurred. Had he followed through, he would not have found himself in this situation.[1]

Second, despite some scrapes with the law, defendant behaved in a largely pro-social manner since coming to this country, completing his education, steadily working and supporting his family. His family remained supportive after his arrest. Nevertheless,

---

[1] Section 922(g)(5)(A) does not bar aliens lawfully present in the country from possessing firearms.

4

because he did not obtain lawful status prior to his commission of this offense, he was slated for removal after completion of his sentence. Thus, he would be separated from his children and other family members in this country, producing a serious additional punishment. See United States v. Ambriz, No. 04-CR-191, 2006 U.S. Dist. LEXIS 79935, at *12-13 (E.D. Wis. Oct. 31, 2006) (imposing non-guideline sentence in part because the defendant would be separated from his family upon deportation); United States v. Ferreria, 239 F. Supp. 2d 849, 855-58 (E.D. Wis. 2002) (departing from the guidelines where the defendant would be deported and separated from his family).

Finally, defendant's record just barely qualified him for criminal history category III. His counted offenses included a 1997 marijuana possession case, for which he received a fine; a 1998 disorderly conduct case, for which he received one year probation with stayed jail; a 1998 carrying a concealed weapon offense, for which received 30 days jail;[2] and a 2004 first offense drunk driving conviction, for which he received a fine and license suspension. Had he received a slightly shorter period of probation on his 1998 disorderly conduct case,[3] an offense that usually does not score in my experience, he would have fallen in category II.

For all of these reasons, a sentence below the range was sufficient. However, I could not conclude that defendant's proposed sentence was sufficient. Defendant had a prior weapons-related offense and thus should have known better than to drive around with

---

[2]Defendant was just eighteen years old when he committed the first three offenses.

[3]The court sentenced defendant to one year probation (with 90 days jail stayed). Had the court imposed a term of probation of less than one year, the offense would not have scored under U.S.S.G. § 4A1.2(c)(1).

5

a gun under this seat. Further, his previous sentences, including probation, fines and a 30-day stint in jail failed to deter him. Thus, I concluded that a substantially longer term was needed to promote respect for the law and deter future misconduct. Finally, because immigration authorities had a detainer on defendant, a probationary sentence was inappropriate.

### III. CONCLUSION

Under all of the circumstances, I found a sentence of 12 months and 1 day sufficient but not greater than necessary. This sentence adequately accounted for the mitigating factors discussed, while providing for just punishment and deterrence. Because it varied just 1 offense level – or one criminal history category – from the guidelines and was supported by the particular facts of the case, it did not create unwarranted disparity.

Therefore, I committed defendant to the custody of the Bureau of Prisons for 12 months and 1 day, followed by two years of supervised release with the standard conditions.

Dated at Milwaukee, Wisconsin, this 29th day of January, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge